# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Spencer Troy Ward, | Case No. 22-cv-1332 (KMM/DTS) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| B. Eischen, | |
| Respondent. | |

Petitioner Spencer Troy Ward brought a habeas petition under 28 U.S.C. § 2241 seeking immediate application of earned time credits (TCs) under the First Step Act of 2018 (FSA). Dkt. Nos. 1, 10. Respondent contends Ward's petition is premature, asserting he is not yet entitled to have his TCs applied toward early prerelease custody or supervised release because the amount of TCs does not yet equal the remainder of his sentence. *See* 18 U.S.C. § 3624(g)(1)(A). The Court agrees with Respondent and recommends Ward's petition be denied.

## FINDINGS OF FACT

Ward is incarcerated at the Federal Prison Camp at Duluth, Minnesota (FPC Duluth). Dkt. No. 8 at 1. He is serving a 151-month term of imprisonment for conspiracy to manufacture, distribute, and possess with intent to distribute 100 or more marijuana plants and 100 kilograms or more of marijuana. *Id.* Ward's projected release date is April 23, 2027. *Id.* At the time of Ward's petition, Ward was an eligible inmate earning TCs for participating in evidence-based recidivism reduction programming. *Id.* at 3. The BOP calculated Ward had earned 615 TCs under the FSA as of May 28, 2022. *Id.* at 4.

## CONCLUSIONS OF LAW

Ward contends the BOP is violating his rights by failing to calculate and apply his TCs under the FSA. Dkt. Nos. 1, 10. Application of TCs is addressed in 18 U.S.C. § 3632:

> (d) Evidence-based recidivism reduction program incentives and productive activities rewards. -- The System shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs as follows:
>
> \*\*\*
>
> (4) Time credits. --
>
> > \*\*\*
> >
> > (C) **Application of time credits toward prerelease custody or supervised release.** -- Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities **shall be applied toward time in prerelease custody or supervised release.** The Director of the Bureau of Prisons **shall transfer <u>eligible prisoners</u>,** as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C) (emphasis added).

Pursuant to 18 U.S.C. 3624(g)(A), an inmate is eligible to have his TCs applied when he has earned TCs "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." TCs are not applied until credits equal the remainder of the term of imprisonment because TCs are subject to change based upon the inmate's continued participation in eligible programs, recidivism risk classification, and conduct resulting disciplinary action.[1] *See Ronald David Johnson v. B. Eischen,* 2023

---

[1] Whether an eligible inmate earns 10 or 15 TCs per month is dependent upon maintaining a minimum or low recidivism risk. 18 U.S.C. § 3632(4)(A)(i) & (ii). TCs can be lost through disciplinary action and may be restored under certain circumstances, including appeal. 18 U.S.C. § 3632(e); 28 C.F.R. § 523.43.

WL 2563148 (D. Minn. Feb. 22, 2023) ("[A] prisoner is eligible to have earned time credits applied…only when he has earned time credits that equal the remainder of his sentence. At that time, the credit can immediately be applied and would no longer be subject to loss for future prohibited acts.") (citation omitted).

Had Ward earned the maximum amount of TCs to date, he would have earned 914 days.[2] Applying 914 TCs to Ward's projected good time release date of April 23, 2027 yields the date of October 21, 2024. Therefore, the TCs Ward has earned to date cannot be applied to his sentence at this time, because even if Ward had earned the maximum possible TCs to date, they would not equal the remainder of his term of imprisonment. Accordingly, Ward's petition is premature. *See Mills v. Starr*, 2022 WL 4084178, at *4 (D. Minn. Aug. 17, 2022) (holding "even if [petitioner] had earned twice as many [TCs]" than the BOP had calculated, the petitioner's TCs would not equal the remainder of her sentence, rendering petitioner "ineligible to have her time credits applied.")

Because the Court can resolve Ward's habeas petition on the record, an evidentiary hearing is not necessary. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983). Ward's premature petition should be denied for lack of ripeness. *National Bank v. First Premier Capital LLC*, 2010 WL 11646824, at *2 (D. Minn. July 22, 2010) ("To be ripe for decision, the harm asserted must have matured sufficiently to warrant judicial intervention.")

---

[2] December 18, 2018 to March 21, 2023 = 1829 calendar days. 1829 days divided by 30 days of programming per month = 60.96. 60.96 months x 15 maximum days earned per month = 914.4, which is rounded down to 914 TCs.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS Ward's habeas petition [Dkt. No. 1] be DENIED without prejudice.

Dated: March 21, 2023                     s/David T. Schultz
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).